UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

FRANCISCO TREJO MONGE,

Petitioner,

-against-

ROBERT BROWN, in his official capacity as Warden of Brooklyn Metropolitan Detention Center et al.,

Respondents.

-----------------------------------x

**Memorandum & Order**
26-CV-7130 (EK)

ERIC KOMITEE, United States District Judge:

Francisco Trejo Monge is in the custody of U.S. Immigration and Customs Enforcement. Pet. ¶ 9. He petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts that, as "the recipient of deferred action," he may not be "detained pursuant to newly initiated removal proceedings." *Id.*, Count One ¶ 4. Nevertheless, Monge alleges that the government detained him in connection with removal proceedings initiated on October 2, 2026. *Id.* ¶ 9. Monge argues that because the government never terminated his deferred action, detaining him for removal proceedings violates due process. *Id.* ¶¶ 5, 10-11.

Monge's petition is denied. Section 1259(b)(9) of Title 8 provides that "'no court shall have jurisdiction, by habeas corpus or by any other provision of law,' to review any

questions of law and fact, 'including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States,' except on a petition for review ("PFR") of a final order of removal." *Mahdawi v. Trump*, 183 F.4th 103, 108 (2d Cir. 2026), *reh'g en banc granted*, No. 25-1113, Dkt. No. 244.1 (2d Cir. Sept. 3, 2026) (quoting 8 U.S.C. § 1252(b)(9)).[1] The provision thus "channels" into a PFR any "legal questions" that are "bound up with" an action taken to remove a noncitizen. *Id.* at 120. That includes detention claims "inextricably intertwined with the claim that removal itself is unlawful." *Id.* at 117. Only claims "collateral to and essentially independent of removal proceedings" may be heard in habeas by the district court. *Id.* at 116.

Monge's claims are "inextricably intertwined with" a challenge to the lawfulness of his removal proceedings. *Id.* at 117. He contends that his "deferred action should have prevented him from being detained for the purpose of removal proceedings." Pet. ¶ 10. Detaining him despite that deferred action, he says, violates due process. Pet. ¶ 11. But his due process claims "just repackage[ ] his challenges to his

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

removal," because they succeed only if his deferred action barred the government from initiating removal proceedings in the first place. *Mahdawi*, 183 F.4th at 118 n.14. That question must be raised in the removal proceedings and, if necessary, in a PFR before the court of appeals. This Court lacks jurisdiction to consider it on habeas.

Thus, Monge's petition is denied. *See* 28 U.S.C. § 2243 (permitting court to deny a habeas petition without ordering a response when the petition itself shows the petitioner is not entitled to relief). The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: November 8, 2026
Brooklyn, New York